UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

BRITTANY D. STEVENS,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY GROUP
LLC d/b/a ARS ACCOUNT RESOLUTION
SERVICES,

    Defendant.
_____/

CASE NO. 0:21-cv-61391

JURY TRIAL DEMANDED

## COMPLAINT

NOW comes BRITTANY D. STEVENS ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq*. for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides within the Southern District of Florida and a substantial amount of the events and omissions that gave rise to Plaintiff's cause of action occurred within the Southern District of Florida.

**PARTIES**

4. Plaintiff is a consumer over 18 years of age.

5. Defendant is a third-party debt collector that has been "in the collections business since 1996."[1] Defendant is a limited liability company organized under the laws of the State of Florida and its principal place of business is located at 1643 North Harrison Parkway, Building H, Suite 100, Sunrise, Florida 33323, which lies within the Southern District of Florida. Defendant regularly collects debt from consumers in the State of Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect on a medical debt ("subject debt") that Plaintiff allegedly owes.

8. Plaintiff purportedly incurred the subject debt due to an ER visit her minor son had in or about November 2020.

9. Upon information and belief, Defendant was attempting to collect an outstanding amount of $71.00 for the subject debt.

10. Plaintiff does not owe the subject debt because Medicaid has already covered the underlying medical bills.

11. Upon information and belief, after Plaintiff's purported default, the subject debt was placed with Defendant for collection purposes.

---

[1] https://www.healthcarerevenuerecoverygroup.com/about-hrrg/

12. Around the end of 2020, Plaintiff began receiving voluminous calls to her cellular phone, (929) XXX-2961, from Defendant.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2961. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Defendant has used several phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (347) 732-1539 and (347) 514-8132.

15. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

16. Plaintiff answered the phone a number of times and explained to Defendant that she does not owe the subject debt because the underlying medical bills were covered by Medicaid.

17. Nevertheless, Defendant continued to repeatedly place collection calls to Plaintiff's cellular phone.

18. Consequently, due to Defendant's harassing collection campaign, Plaintiff demanded that Defendant cease calling.

19. Defendant willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone for several months thereafter.

20. Defendant has disturbed Plaintiff's and her son's sleep with its multiple collection calls.

21. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in exhausting time and resources.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls,

disruptions of daily life, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, interfering with Plaintiff's ability to work, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692c(a)(1) and § 1692d**

29. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits one from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §§ 1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. This recurring behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive. The frequency and non-stopping nature of calls shows that Defendant willfully ignored Plaintiff's pleas. Defendant placed these calls with the objective of annoying and harassing her.

31. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

    b. **Violations of FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

34. Furthermore, Defendant violated § 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her. Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it did not.

    c. **Violations of FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. Defendant further violated 1692f when it persisted in intensive calling of Plaintiff while having knowledge that Plaintiff does not acknowledge the debt and reasonably believes that she does not owe the debt. Instead of investigating with the creditor, Defendant chose to continue the calling campaign in the hopes that Plaintiff would succumb to the pressure and make a payment out of despair. Such conduct of Defendant is unfair and unconscionable and proscribed by the FDCPA.

WHEREFORE, Plaintiff, BRITTANY D. STEVENS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 7, 2021                              Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com
